IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

EDWARD M. CARROLL, II,

    Petitioner,

V.                                CIVIL ACTION NO. 3:06-1074

WARDEN, Stevens Correctional Center,

    Respondent.

## MEMORANDUM ORDER

On December 12, 2003, following his conviction on four counts of an indictment in which he was charged with Driving Under the Influence Causing Death, Edward M. Carroll, II, was sentenced to one to ten years imprisonment on each count, the sentences to run consecutively. His direct appeal of the conviction was refused by the West Virginia Supreme Court of Appeals on December 2, 2004. On December 28, 2006, Carroll filed a petition for writ of habeas corpus under the provisions of 28 U.S.C. § 2254 with this Court.[1] The case is presently before the Court on respondent's motion to dismiss in which it is asserted that Carroll's petition is barred by the one-year

---

[1] Carroll did not petition the United States Supreme Court for writ of certiorari or file a habeas petition in the Circuit Court of Cabell County. He did filed a second petition for appeal with the West Virginia Supreme Court which was summarily refused on February 16, 2006. There is no explanation for the "second appeal."

statute of limitations applicable to federal habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). Petitioner has filed responses to the motion.

Though it was otherwise prior to the passage of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), state prisoners seeking federal habeas relief now must, generally, filed their petitions within one year from the date state court remedies for direct and collateral review are exhausted. As relevant here, a "1-year period of limitations" applies, running "from the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2254(d)(1)(A). In this case, the statute of limitations began to run on March 3, 2005, when the time for filing a petition for writ of certiorari expired,[2] and petitioner had until March 2, 2006 to file his federal habeas petition. The one-year limitation period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2); however, as has been noted, Carroll has not sought habeas relief in the state courts.[3] The petition was not filed until December 28, 2006, well beyond the limitations period, and there is no basis in the record before the Court for tolling the running of the statute.

---

[2]Courts construing the phrase "expiration of the time for seeking such review" in § 2244(d)(1)(A) have concluded that, until the ninety day period for filing a petition for writ of certiorari in the United States Supreme Court expires, the time for "seeking ... review," as contemplated by the statute, has not expired. Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

[3]As respondent points out in his memorandum, petitioner's "second" direct appeal, if assumed to be an appeal of a denial of a motion for reduction or reconsideration of sentence, would not toll the statute of limitations. Walkowiak v. Haines, 272 F.3d 234 (4th Cir. 2001).

It being apparent that the petition filed in this case is barred by the one-year statute of limitations, respondent's motion to dismiss will be granted, this action dismissed with prejudice, and it is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to petitioner and all counsel of record.

ENTER: September 30, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE